# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SCOTT W. HELFINSTINE,
    Plaintiff,

vs.

MR. LAWLESS, *et al.*,
    Defendants.

Case No. 1:18-cv-679

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Correctional Reception Center and former inmate at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Mr. Lawless, Mrs. Linnea Mahlman, Mr. Steven, and Mr. D. Lewis. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that he was consistently denied recreation in August, September, and October of 2017 while located at SOCF. (*See* Doc. 1-1, Complaint at PageID 61). Plaintiff claims that as a result of filing informal complaint resolutions (ICRs) concerning the denial of recreation he was subjected to retaliation and other constitutional violations.

According to plaintiff, after being denied recreation on eleven occasions in August, he filed ICRs on August 23, 2017 and September 19, 2017. (*Id.* at PageID 61–62). Plaintiff claims that he subsequently asked defendant Lawless why he was being denied recreation, to which Lawless allegedly responded, "You shouldn't have wrote me up or told mental health that ya'll don't get rec, now, you'll go when I say!" (*Id.* at PageID 62). Plaintiff further claims that Lawless forced plaintiff and other inmates[1] to stand naked at their door prior to taking showers "as a procedure to strip search you." (*Id.*). Plaintiff claims that as a result he was subjected to sexual humiliation. According to plaintiff, Lawless also threatened to mace him for filing informal complaints against him.

Plaintiff alleges that he also asked defendant Steven why he was denied recreation. (*Id.* at PageID 62–63). According to plaintiff, Steven stated that he will not get recreation ever again

---

[1] Plaintiff characterizes the procedure as a "custom," requiring that "you stand at your door naked until they pop your door." (*Id.* at PageID 62).

3

because of his inquiry. (*Id*. at PageID 63). Without factual elaboration, plaintiff claims "that was done out of malice, with malicious purpose, in a wonton and reckless manner." (*Id.*).

Plaintiff next claims that defendant Lewis wrote a false conduct report against him on October 20, 2017. (*Id.* at PageID 64). Plaintiff asserts that the report was the result of "continuing retaliation for other inmates whom were being loud, and lied and said, plaintiff was heard saying he doesn't care about rec." (*Id.*).

Plaintiff filed a notification of grievance to defendant Linnea Mahlman on October 10, 2017 concerning the denial of recreation. (*See* Doc. 1-1, Complaint Ex. G). On October 23, 2017, Mahlman denied plaintiff's grievance upon finding that recreation was denied for weather and security reasons. Plaintiff claims that he filed an appeal alleging that defendant Linnea Mahlman did not investigate the issues raised in his complaints. (*Id.* at PageID 65). On December 27, 2017, plaintiff received a decision on his appeal. (*See id.* at PageID 99). The decision noted discrepancies in the recreation records and directed the inspector to investigate these inconsistencies and complete a supplemental disposition of grievance to determine if recreation policies were followed. However, on January 16, 2018, Mahlman issued a supplemental disposition again denying his grievance. (*Id.* at PageID 102).

The complaint recounts plaintiff's grievance history concerning the denial of recreation. In sum, plaintiff complained that although he continued to sign up for recreation, that "recreation staff" denied him recreation, either stating that plaintiff was on recreation restriction or that he refused recreation. Plaintiff further noted in his ICRs that he feared for his safety after an unidentified officer threatened him.

Based on the above factual allegations, plaintiff alleges violations of his equal protection and First, Fourth, and Eighth Amendment rights. (*Id.* at PageID 71–72). He seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 72–73).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his First Amendment retaliation claim against defendant Lawless, based on his allegation that Lawless retaliated against him for filing grievances. Plaintiff may also proceed with his Eighth Amendment claims against defendants Lawless and Steven for their alleged denial of recreation. However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the complaint should be dismissed as to all defendants in their official capacities to the extent that plaintiff seeks money damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer*

5

*v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Although plaintiff names Linnea Mahlman as a defendant to this action, he does not include any claims against her. (*See* Doc. 1-1, Complaint at PageID 71–72). To the extent that plaintiff seeks to hold her liable for failing to properly investigate his grievance, this claim is subject to dismissal. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

6

Plaintiff's retaliation claim against defendants Lewis should also be dismissed. As noted above, plaintiff claims that defendant Lewis wrote a false conduct report "as a target of continuing retaliation" after other inmates were being loud. (Doc. 1-1, Complaint at PageID 64). A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

Plaintiff's conclusory retaliation claim against Lewis is subject to dismissal because plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse actions and protected activity. Aside from his conclusory allegation that the conduct report was "continuing retaliation," plaintiff has not alleged any facts suggesting that Lewis was motivated by plaintiff's filing of administrative grievances or any other protected conduct. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting

7

that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegation against defendant Lewis is insufficient to state an actionable claim for relief. *Twombly*, 550 at 555–57. *See also Whiteside v. Collins,* No. Civ.A. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, plaintiff's retaliation claim against defendant Lewis should be dismissed.[2]

Plaintiff's Fourth Amendment claims should also be dismissed. As indicated above, plaintiff claims that defendant Lawless made him stand at his cell door naked prior to taking showers. Plaintiff claims that by virtue of this procedure he was subjected to strip searches that resulted in sexual humiliation. Although plaintiff may proceed with his claim that Lawless retaliated against him, his allegations do not rise to the level of a Fourth Amendment violation. Under the Fourth Amendment, "a convicted prisoner maintains some reasonable expectations of privacy while in prison." *Cornwell v. Dahlberg,* 963 F.2d 912, 916 (6th Cir. 1992). *See also Stoudemire v. Mich. Dep't. of Corr.*, 705 F.3d 560, 572 n.2 (6th Cir. 2013). However, in this case petitioner has not alleged that he was singled out for searches, that any search that may have occurred was overly invasive or carried out in an unnecessarily public manner, or that any search

---

[2] To the extent that plaintiff seeks to hold defendant Lewis liable for writing a false conduct report against him, this claim also fails to state a claim upon which relief may be granted. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that the challenged disciplinary action deprived him of a protected liberty interest.

conducted was unrelated to a legitimate penological or security interest. *See Stoudemire*, 705 F.3d at 571–74. Aside from plaintiff's conclusory allegation that he was subjected to "sexual humiliation," plaintiff has failed to allege any facts that rise to the level of an actionable claim under the Fourth Amendment. *Iqbal*, 556 U.S. at 678. *Cf. Green v. Martin*, 224 F.Supp.3d 154, 164 (D. Conn. 2016) ("accusations of humiliation and embarrassment caused by strip searches, on their own, do not state a claim under the Fourth Amendment"). Therefore, plaintiff's claims under the Fourth Amendment should be dismissed.

      Finally, plaintiff fails to state a claim upon which relief may be granted under the Equal Protection Clause. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). In this case, plaintiff has failed to allege any facts indicating that defendants targeted him because of his membership in a protected class. Therefore, this claim should also be dismissed.

      Accordingly, in sum, the complaint should be dismissed with the exception of plaintiff's First Amendment retaliation claim against defendant Lawless and his Eighth Amendment claims against defendants Lawless and Steven.

However, plaintiff has failed to provide service copies, summons, or United States Marshal forms so that service may be issued on defendants. Plaintiff has filed a motion for service copies, requesting that the Clerk of Court produce the service copies for him. (Doc. 1-2). Plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003); *Bell Bey v. Toombs*, No. 93-2405, 1994 WL 105900, at *2 (6th Cir. Mar. 28, 1994) (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) (per curiam)). *Cf. Sweeting v. Noble Corr. Inst.*, No. 2:13cv941, 2014 WL 1342872, at *2 (S.D. Ohio Apr. 3, 2014). Furthermore, although plaintiff has been granted the right to proceed *in forma pauperis*, he is not entitled under the *in forma pauperis* statute to free copies of documents that he generated and previously filed with the Court. *See Anderson v. Gillis*, 236 F. App'x 738, 739 (3rd Cir. 2007); *see also Martin v. Aramark Food Corp.*, No. 2:15cv1112, 2015 WL 3755944, at *4 (S.D. Ohio June 16, 2015); *Brown v. Voorhies*, No. 2:07cv13, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007). This Court's local rules permit plaintiff to submit handwritten, legible copies of his complaint. *See* S.D. Ohio Local Civ. R. 5.1(a).

Plaintiff's motion is **DENIED**. Plaintiff is **ORDERED** to submit a service copy of the complaint, a summons form, and United States Marshal form for defendant Lawless and defendant Steven so that service of process may be made in this case **within thirty (30) days** of receipt of this order.

The Clerk of Court is **DIRECTED** to provide the plaintiff with a copy of his complaint so that he can make the requisite number of service copies. Upon receipt of the service copies and completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case for want of prosecution.

### IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's First Amendment retaliation claim against defendant Lawless and his Eighth Amendment claims against defendants Lawless, Lewis, and Steven.

### IT IS THEREFORE ORDERED THAT:

Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit service copies of the complaint, as well as completed summons and Unites States Marshal forms for defendants Lawless, Lewis, and Steven. The Clerk of Court is **DIRECTED** to send to plaintiff a copy of the complaint, summons forms and United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

Date: 10/19/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT W. HELFINSTINE,
    Plaintiff,

vs.

MR. LAWLESS, *et al.,*
    Defendants.

Case No. 1:18-cv-679

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).