UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT W. HELFENSTINE,    Case No. 1:18-cv-679
   Plaintiff,    Black, J.
       Litkovitz, M.J.
  vs.

MR. LAWLESS, et al.,    **ORDER AND REPORT**
   Defendants.    **AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action against Mr. Lawless and Mr. Steven in their individual and official capacities. This matter is before the Court on plaintiff's motion for assistance in obtaining materials from SOCF or for an order directing SOCF to cooperate with his requests for information (Doc. 18) and defendants' response in opposition (Doc. 22); plaintiff's motions requesting defendants to produce documents (Doc. 19) and to answer interrogatories (Doc. 21) and defendants' motion to strike plaintiff's motions (Doc. 24); and plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 20) and defendants' response in opposition (Doc. 23).

Plaintiff's motion for assistance in obtaining materials from SOCF or for an order directing SOCF to cooperate with his requests for information (Doc. 18) is **DENIED**. SOCF is not a party to the lawsuit, and there is no indication that plaintiff has sought the materials at issue from defendants or their counsel. (*See* Doc. 22). To the extent plaintiff seeks relevant information related to his claims, plaintiff can submit discovery requests to defendants through their counsel. Plaintiff must exhaust extrajudicial attempts to secure responses to his discovery requests before filing any motion to compel disclosure or discovery with the Court. *See* Fed. R. Civ. P. 37(a)(1).

Plaintiff has filed requests for production of documents (Doc. 19) and for answers to interrogatories (Doc. 21) with the Court.  Plaintiff's discovery requests are not properly filed with the Court; rather, plaintiff must serve his discovery requests on the parties.  *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . .); Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories. . . .").  Accordingly, defendants' motion to strike plaintiff's discovery requests from the record (Doc. 24) is **GRANTED**.  Plaintiff's motion requesting production of documents (Doc. 19) and motion requesting interrogatories (Doc. 21) are **STRICKEN** from the record.

Plaintiff requests a temporary restraining order and preliminary injunction to "stop the prison staff denying access to the legal library and/or legal services." (Doc. 20).  Plaintiff alleges that after he went to another block, a corrections officer woke everybody in the block and told them the "snitch" in cell 13 left the block.  Plaintiff claims that C/O Fry told another inmate "its [sic] amazing how much somebody will talk when you squeeze them hard enough."  Plaintiff alleges "[t]hey are putting my safety at risk."  Plaintiff states he has filed numerous grievances about the situation but the Institutional Inspector has refused to respond to them, and he has yet to hear back on a grievance he filed with the Chief Inspector.  Plaintiff contends he has been subjected to numerous cell "shake downs," and his legal work has "come up missing."  He claims he keeps his eyes to the ground when walking down the hallways because he is afraid of confrontation with the corrections officers, and he is uncomfortable walking around because he does not feel safe.

In response, defendants contend that plaintiff's request for injunctive relief should be denied because the relief sought is barred by the Eleventh Amendment, he seeks relief against a non-party, the injunctive relief is not related to the underlying claims in the complaint, and

plaintiff has not shown the four factors that must be established before a temporary restraining order or a preliminary injunction can issue have been satisfied. (Doc. 23).

In determining whether to issue a temporary restraining order or preliminary injunction, this Court balances the following factors:

> "1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> 3. Whether an injunction will cause others to suffer substantial harm; and
>
> 4. Whether the public interest would be served by a preliminary injunction."

*Doe v. Barron,* 92 F. Supp.2d 694, 695 (S.D. Ohio 1999) (citing *Memphis Planned Parenthood, Inc. v. Sundquist,* 175 F.3d 456, 460 (6th Cir. 1999); *Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 n. 3 (6th Cir. 1991)). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739. A temporary restraining order likewise is an extraordinary remedy that the court should grant only if the movant clearly establishes the need for such relief. *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp.2d 853, 860 (S.D. Ohio 2008) (citing, *e.g., First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993)).

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or preliminary injunction. Plaintiff has made no attempt to apply the above factors to his situation. In addition, he has not presented any evidence showing a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a temporary

restraining order or preliminary injunction.  Plaintiff's allegations in his motion do not constitute evidence supporting his request for relief.  In the absence of any evidence supporting plaintiff's motion for a temporary restraining order or preliminary injunction, the motion should be denied.

A temporary restraining order or preliminary injunction is also not warranted here because the purpose of this relief--to preserve the status quo until a trial on the merits can be held--would not be served.  *See S. Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991) (purpose of a preliminary injunction is to preserve the status quo); *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996) (purpose of a temporary restraining order is to preserve the status quo); *ABX Air, Inc. v. Intl. Bhd. of Teamsters, Airline Div.*, 219 F. Supp.3d 665, 670 (S.D. Ohio 2016) (same).  Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged constitutional harms inflicted by SOCF staff members who are not defendants in this lawsuit and over whom the Court has no jurisdiction.

Accordingly, it is **RECOMMENDED** that plaintiff's request for a temporary restraining order and preliminary injunction (Doc. 20) be **DENIED**.

Date: May 1, 2019                                                   s/ Karen L. Litkovitz
                                                                    Karen L. Litkovitz
                                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT W. HELFENSTINE,  Case No. 1:18-cv-679
    Plaintiff,  Black, J.
      Litkovitz, M.J.

vs.

MR. LAWLESS, et al.,
    Defendants.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).