UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT W. HELFINSTINE,<br>Plaintiff, | Case No. 1:18-cv-679 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| MR. LAWLESS, *et al.*,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Mr. Lawless, Mrs. Linnea Mahlman, Mr. Steven, and Mr. D. Lewis. On sua sponte screening by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), plaintiff's claims were dismissed with the exception of plaintiff's First Amendment retaliation claim against defendant Lawless and his Eighth Amendment claims against defendants Lawless, Lewis, and Steven. This matter is before the Court on defendants' motion for judgment on the pleadings (Doc.14), plaintiff's memorandum in opposition (Doc. 16), and defendants' reply memorandum (Doc. 17).

## I. Allegations of the complaint

Plaintiff alleges that he was denied recreation in August, September, and October of 2017 while an inmate at SOCF. (*See* Doc. 3). Plaintiff also claims that as a result of filing informal complaint resolutions concerning the denial of recreation he was subjected to retaliation and other violations of his First and Eighth Amendment rights.

## II. Legal Standard

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of

the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. Defendants' motion for judgment on the pleadings should be granted.

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the basis that plaintiff made a knowing, intelligent, and voluntary waiver of his claims under Ohio Rev. Code § 2743.02(A)(1) by filing suit in the Ohio Court of Claims based on the same set of acts or omissions as this case. (Doc. 14). Defendants therefore argue that plaintiff's claims are barred under the *Leaman* doctrine of the Sixth Circuit. (*Id.* at 4).

2

Defendants' motion for judgment on the pleadings should be granted because plaintiff's claims are barred under *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987). Ohio Rev. Code § 2743.02(A)(1) provides, in part, that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .") (citing *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc)). *See also Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (explaining that the Court of Claims Act established a "*quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees").

A plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *Easley v. Cooper*, 1:16-cv-338, 2017 WL 4857605, at *2-5 (S.D. Ohio Oct. 25, 2017) (Report and Recommendation), *adopted*, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Leaman*, 825 F.2d at 956). In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *Id.* ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). "In contrast, this presumption does not automatically apply to pro se litigants and district courts must make a factual

3

determination as to whether a pro se litigant knowingly, intelligently, and voluntarily waived federal claims when filing suit in the Ohio Court of Claims." *Easley*, 2017 WL 4857605, at *2-5 (citing *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003)). The Court considers a number of factors in determining whether a waiver is sufficient, including: the number of cases litigated, proper caption, identification of proper jurisdictional statutes, relevant statutes for the constitutional claims, and the specific identification of R.C. § 2743.02 "which [would] illustrate[] that [the plaintiff] was on notice that he would waive his claims . . . by filing suit there." *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *2 (S.D. Ohio July 27, 2015).

Plaintiff filed a complaint against the Ohio Department of Rehabilitation and Correction, Mr. Lawless, Mrs. Linnea Mahlman, Mr. Steven, and Mr. D. Lewis in the Ohio Court of Claims on September 26, 2018. *See* Case Information, 2018-0310JD *Scott Helfinstine v. Ohio Department of Rehabilitation and Correction*, OHIO COURT OF CLAIMS, https://ohcourtportal.tylerhost.net/Portal/Home/WorkspaceMode?p=0 (last visited Aug. 29, 2019).[1] Plaintiff acknowledges his filing in the Ohio Court of Claims, but he alleges he filed the case "for a different reason." Plaintiff alleges, "I am suing ODRC for continuing to allow what goes on here to go on with a blind eye and[d] deaf ears just so they don't have to speak on it." (Doc. 16 at 5). Contrary to plaintiff's allegations, his complaint in the instant federal case was not filed for "a different reason." Rather, the complaint filed in federal court appears to be virtually identical to the complaint he filed in the Ohio Court of Claims, with the exception of the first page which identifies 42 U.S.C. § 1983 as the statutory basis for his federal claims, while his Ohio Court of Claims complaint alleges "[t]his is a prison conditions claim authorized by

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

4

2743.02(F) of the Ohio Revised Code. . . ." Plaintiff's federal court complaint names the same defendants with the exception of the Ohio Department of Rehabilitation and Correction. All of the remaining factual allegations and prayers for relief of both complaints are identical.

The Court therefore concludes that plaintiff's federal lawsuit arises from the same acts or omission alleged in the Ohio Court of Claims case. While "an identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state," *Easley*, 2008 WL 618642, at *2, given the virtually identical complaints filed by plaintiff in both courts there is no question that the instant federal lawsuit arises from the same acts and omissions alleged in the Court of Claims case.

In addition, the Court finds that plaintiff, a pro se litigant, made a knowing, intelligent, and voluntary waiver of his right to proceed in federal court by filing suit in the Ohio Court of Claims. *See Leaman*, 825 F.2d at 956. Although it does not appear that plaintiff is a frequent filer in this Court, his complaint is organized and coherent. He identified the proper federal jurisdictional statutes as well as the relevant federal statute for his constitutional claims. He also omitted the ODRC as a defendant in the federal court complaint, indicating a recognition that the ODRC is not a proper defendant under 42 U.S.C. § 1983. Additionally, in his Court of Claims complaint, plaintiff specifically references § 2743.02, which illustrates that he was on notice that he would waive his claims against the defendants by filing suit there. *See Brooks*, 2015 WL 4538512, at *2. In light of these factors, the Court finds that plaintiff knowingly, intelligently, and voluntarily waived his right to file suit against the defendants in federal court.

The Court also notes that plaintiff's complaint was ultimately dismissed by the Ohio Court of Claims. Nevertheless, it is the act of filing a case with the Ohio Court of Claims that

results in a waiver of federal claims. *See* Ohio Rev. Code Ann. § 2743.02(A)(1) ("*filing* a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission....") (emphasis added). *See also Fischer v. Kent State Univ.*, No. 5:09-cv-315, 2010 WL 11519471, at *2 (N.D. Ohio June 18, 2010) ("whether the plaintiff's action in the Ohio Court of Claims is dismissed or still pending is irrelevant, as the waiver is complete upon filing"), *aff'd on other grounds*, 459 F. App'x 508 (6th Cir. 2012); *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp. 2d 806, 812 (S.D. Ohio 2005) ("[p]laintiff's filing in the Court of Claims constituted a complete waiver of any state or federal claims against the individual employees"); *Thomas v. Ohio Dep't of Rehab. and Corr.*, 36 F. Supp. 2d 1005, 1008 n.3 (S.D. Ohio 1999) ("The language of the statute, as well as that of the Sixth Circuit cases . . . indicate that filing, alone, is sufficient to trigger the waiver. Here, the 'quid' in Thomas' quid pro quo existed in the form of her ability to file suit against the state, not to litigate it fully."). Accordingly, the Court finds that both lawsuits arise out of the same acts or omissions, and plaintiff has waived his federal claims against defendants under *Leaman*. Defendants' motion for judgment on the pleadings (Doc. 14) should be **GRANTED**.[2]

### IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motion for judgment on the pleadings (Doc. 14) be **GRANTED** and plaintiff's complaint be dismissed with prejudice.

---

[2] Defendants alternatively argue that plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983. The Court need not reach these alternative grounds for dismissal as the Court concludes the complaint should be dismissed under *Leaman*.

2. That all other pending motions be **DENIED** as moot.  *See* Docs. 26-28, 33, 35, 36.

Date: 8/29/19

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT W. HELFINSTINE,
Plaintiff,

vs.

MR. LAWLESS, *et al.*,
Defendants.

Case No. 1:18-cv-679

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).